UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANDERS CONSTRUCTION, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-1250** |
| **COUVILLION GROUP, L.L.C., ET AL.** | **SECTION "E" (3)** |

## ORDER

On June 24, 2015, Couvillion Group, L.L.C.'s Motion for Leave to File Third Party Complaint Against Coastal Marine Contractors, L.L.C. [Doc. #27] came on for oral hearing before the undersigned. Present were Sean McLaughlin on behalf of Anders Construction, Inc., Corey Dunbar on behalf of Couvillion Group, L.L.C., and Timothy DePaula on behalf of Tom's Welding, Inc. ("Tom's Wedling"). After the oral hearing, the Court took the motion under advisement. Having reviewed the motion, the oppositions, and the case law, the Court rules as follows.

**I.    Background**

The complaint alleges as follows. This matter involves a dispute regarding a public works project for the dredging of Bayou St. John ("Project"). Anders Construction, Inc. ("Anders") was the general contractor on the Project. Anders subcontracted the work on the Project to Couvillion Group, L.L.C. ("Couvillion"). Couvillion hired Coastal Marine Contractors, L.L.C. ("Coastal") to perform the dredging portion of the work on the Project. During the course of discovery it was determined that Coastal improperly dredged the Project.

Couvillion paid Coastal and demanded payment from Anders. Anders refused to pay, arguing that the majority of the work performed by Coastal and Couvillion was done improperly and in the wrong location. Anders sued Couvillion and others in this Court. Couvillion then sued Anders in state court, attaching lien invoices to its petition, and then counterclaims against Anders in this Court. Answering, Anders contends that the damages from a sinking of a vessel and from finishing the Project far exceed the monies owed Couvillion for any properly-done work. All parties have sued each other in this Court.

## II.     The Parties' Contentions

### A.     The Motion

Coastal recently made demand to Couvillion for payment of a Project invoice. Because Couvillion expects litigation to ensue over the non-payment of the invoice, it seeks to file a third-party complaint against Coastal in this litigation.

Coastal only made demand after the deadline to add new parties. Couvillion contends that Coastal is a necessary party to this action as the dispute between it and Coastal arises from the same set of facts as the underlying lawsuit. Couvillion also argues that a separate lawsuit risks an inconsistent judgment as to the work performed by Coastal. Couvillion maintains that the third-party complaint will not prejudice any party.

### B.     The Opposition

Anders contends that the depositions of Mike Roy and Tim Couvillion have decimated Couvillion's claims. Both men admitted that the contract amount was $147,000.00; they conceded that Couvillion and Coastal over-dredged the canal and did not follow the Project plans; and they admitted that the lien invoices that they filed in the state-court lawsuit were modified. Anders

maintains that the only reason that Couvillion has filed this motion is to change the course of the lawsuit now that its claims have been debunked.

Citing Rule 16, Anders contends that Couvillion can not explain why it failed to timely move to amend when it learned that Coastal improperly dredged the canal more than 20 months ago. Anders notes that Couvillion does not attach the recent invoice from Coastal. In addition, Couvillion's complaint seeks to recover the monies that it has already paid to Coastal for the improper dredging. But Anders maintains that Couvillion has known that Coastal improperly dredged the canal for a long time.

Anders also argues that the amendment is not important. This lawsuit concerns the contract between Anders and Couvillion and the sinking of a vessel. Anders never contracted with Coastal, nor was it involved in the sinking. Anders argues that there is no risk of inconsistent judgments given that there is no evidence that the dredging work was performed properly.

Anders contends that it will be severely prejudiced if Coastal is added to this lawsuit given that Couvillion will almost certainly seek to continue the trial. Anders had to reduce its bonding capacity – given the liens filed by Couvillion in state court – and has difficulty bonding new contracts. This limits its ability to generate revenue. And the addition of Coastal will force Anders to attend additional depositions and engage in more discovery, thereby incurring higher attorneys' fees. A continuance would therefore not cure any prejudice.

Tom's Welding also filed an opposition. Tom's Welding is only in this lawsuit as a result of the sinking of the vessel; it is not involved in the litigation concerning the dredging project. Couvillion's claims against Coastal are not related to its claims against Tom's Welding, whose only concern here is that the trial date remain intact. Tom's Welding opposes the motion on this ground

only.

## II.     Law and Analysis

Couvillion must satisfy the Rule 16 "good cause" test because the amendment deadline in the scheduling order passed before it filed the instant motion. *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, N.A.*, 315 F.3d 533, 536 (5th Cir. 2003). Federal Rule of Civil Procedure 16(b) governs amendment of pleadings after a scheduling order's deadline to amend has expired. *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008).

Rule 16(b) provides that once a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). It requires a party "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (internal citations omitted). Four factors are relevant to good cause: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (citing *S&W Enters.*, 315 F.3d at 536).

While the Court recognizes that Couvillion most likely knew over 20 months ago that Coastal had dredged the canal improperly, Couvillion also had no reason to know that a payment dispute would arise between it and Coastal until Coastal sent the invoice to it. As argued at the oral hearing, Couvillion and Coastal parted ways long ago after Couvillion paid Coastal. It did not know that Coastal would send it another invoice, an invoice that Couvillion now refuses to pay given the claims against it. The amendment is thus important, as it involves a dispute arising under the same facts in the underlying lawsuit. And judicial efficiency argues in favor of resolving all claims that

4

involve the same underlying facts in one proceeding.

However, the Court finds that the prejudice to Anders – *i.e.*, its inability to bond – is great. And a continuance would certainly not cure that prejudice. That Anders is hindered in its ability to generate revenue argues in favor of denying the motion, given that – as all counsel conceded at the oral hearing – it is highly likely that Coastal will move for a continuance of all current deadlines in the District Court's Scheduling Order when it is joined in this lawsuit. However, were the Court to deny the motion, Couvillion would only – as counsel noted at the oral hearing – file a separate lawsuit against Coastal, which lawsuit would then be consolidated with this lawsuit. That, in and of itself, would mean new deadlines and a continuance.[1] Anders would not fare better under either scenario. In the end, the Court finds that resolution of these claims in one, clean lawsuit would better serve the parties.

**IV.    Conclusion**

For the foregoing reasons,

**IT IS ORDERED** that Couvillion Group, L.L.C.'s Motion for Leave to File Third Party Complaint Against Coastal Marine Contractors, L.L.C. [Doc. #27] is GRANTED.

New Orleans, Louisiana, this 26th day of June, 2015.

                                                              *[signature]*

                                                **DANIEL E. KNOWLES, III**
                                                **UNITED STATES MAGISTRATE JUDGE**

---

[1] The Court notes that a severance of the claim for the sinking of the vessel would ease Tom's Welding's concerns over a continuance.